# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| MIDDLEBROOK PHARMACEUTICALS, INC.,[1] | ) Case No. 10-_11485_ ( ) |
| | ) |
| | ) |
| | ) |
| _____ Debtor. _____ | ) Ref. Docket No. _____ |

### FINAL ORDER PURSUANT TO SECTIONS 366 AND 105(A) OF THE BANKRUPTCYCODE (I) PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING, OR DISCONTINUING UTILITY SERVICES, (II) DEEMING UTILITIES COMPANIES ADEQUATELY ASSURED OF FUTURE PERFORMANCE, AND (III) ESTABLISHING PROCEDURES FOR DETERMINING ADEQUATE ASSURANCE OF PAYMENT

Upon consideration of the *Motion for Interim and Final Orders Under Section 366 of the Bankruptcy Code (I) Prohibiting Utility Providers from Altering, Refusing, or Discontinuing Utility Services, (II) Deeming Utility Providers Adequately Assured of Future Performance, and (III) Establishing Procedures for Determining Adequate Assurance of Payment* (the "**Motion**")[2] filed by MiddleBrook Pharmaceuticals, Inc., the above-captioned debtor and debtor in possession (the "**Debtor**"); and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and due notice of the Motion having been provided; and it appearing that no other or further notice of the Motion need be provided; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtor, its estate, and creditors and other parties in interest; and all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

---

[1]     The last four digits of the Debtor's taxpayer identification number are 8264. The Debtor's mailing address is 7 Village Circle, Suite 100, Westlake, Texas 76262.

[2]     Capitalized terms not otherwise defined herein shall have the meaning accorded to them as set forth in the Motion.

**IT IS HEREBY ORDERED THAT:**

1.     Motion is GRANTED on a final basis.

2.     The Debtor is authorized, but not directed, to pay on a timely basis and in accordance with its prepetition practices all undisputed invoices for postpetition Utility Services provided by the Utility Providers.

3.     The Debtor shall maintain the Utility Deposit Account (as defined in the Interim Order), for the purpose of providing each Utility Provider with adequate assurance of payment of its postpetition Utility Services to the Debtor; the Utility Deposit Account shall be maintained with a minimum balance of $9,667.95, equal to 50 percent of the Debtor's estimated average monthly cost of Utility Services, which may be adjusted for:   (i) the termination of Utility Services by the Debtor, regardless of any Requests, and (ii) agreements with Utility Providers.

4.     Except in accordance with the procedures set forth herein and absent further order of the Court, all Utility Providers are prohibited from (i) altering, refusing, or discontinuing Utility Services because of the commencement of the Debtor's Chapter 11 case or because of any unpaid prepetition invoices or charges for Utility Services, or (ii) requiring the Debtor to furnish any additional deposit or other security to the Utility Providers for the continued provision of Utility Services.

5.     Any Utility Provider that is unsatisfied with the assurance of future payment provided by the Debtor must serve a written request (a "**Request**") upon proposed counsel to the Debtor, Alston & Bird, LLP, 1201 W. Peachtree Street, Atlanta, Georgia 30309, Attn:  Matthew W. Levin and Young Conaway Stargatt & Taylor, LLP, The Brandywine Building, 17th Floor, Wilmington, Delaware 19801, Attn: Kenneth J. Enos, setting forth (i) the location(s) for which Utility Services are provided, (ii) the account number(s) for such location(s), (iii) the outstanding

balance for each account, (iv) a summary of the Debtor's payment history on each account, including any security deposits, and (v) an explanation of why the Utility Deposit is not adequate assurance of payment.

6.      If the Debtor finds the Request unreasonable and is unable to reach an alternative resolution with the Utility Provider, the Debtor shall, within twenty days after receipt of the Request, file a motion (the "**Determination Motion**") pursuant to Section 366(c)(3) of the Bankruptcy Code, seeking a determination from the Court that the Utility Deposit, plus any additional consideration offered by the Debtor, constitutes adequate assurance of payment.

7.      Pending notice and a hearing on the Determination Motion, the Utility Provider that is the subject of the unresolved Request may not alter, refuse, or discontinue services to the Debtor.

8.      The Utility Deposit shall be deemed adequate assurance of payment unless and until a future order of the Court is entered requiring further assurance of payment.

9.      Nothing set forth herein is intended to, nor shall it, modify or alter the burdens of proof in connection with any Determination Motion.

10.     Nothing in the Motion, Exhibit A thereto, or this Order constitutes a finding that any entity is or is not a utility hereunder or under Section 366 of the Bankruptcy Code.

11.     Notwithstanding the relief granted herein and any actions taken pursuant hereto, nothing herein shall be deemed:  (i) an admission as to the validity of any claim against the Debtor; (ii) a waiver of the Debtor's rights to dispute any claim on any grounds; (iii) a promise or requirement to pay any claim; (iv) an implication or admission that any particular claim is of a type specified or defined hereunder; (v) a request or authorization to assume any contract or

lease under Section 365 of the Bankruptcy Code; or (vi) a waiver of the Debtor's rights under the Bankruptcy Code or any other applicable law.

      12.    This Court shall retain jurisdiction over all matters arising from or related to the interpretation and implementation of this Order.

Wilmington, Delaware
May __, 2010

 

_____
UNITED STATES BANKRUPTCY JUDGE