# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MIDDLEBROOK PHARMACEUTICALS, INC.,[1] | ) ) ) | Case No. 10-11485 (MFW) |
| | ) | |
| Debtor. | ) | Ref. Docket No: 64 |

## ORDER PURSUANT TO SECTIONS 105(a), 363 AND 365 OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 2002, 6004, 6006, AND 9014, AND LOCAL RULES 2002-1 AND 6004-1, APPROVING THE SALE OF ASSETS, INCLUDING THE ASSUMPTION AND ASSIGNMENT OF CONTRACTS, FREE AND CLEAR OF ALL LIENS, CLAIMS, AND INTERESTS

Upon the motion, dated May 17, 2010 (the "**Sale Motion**"), of MiddleBrook Pharmaceuticals, Inc. (the "**Debtor**"), pursuant to Sections 105(a), 363, and 365 of Title 11, United States Code (the "**Bankruptcy Code**"), Rules 2002, 6004, 6006, and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2002-1 and 6004-1 of the Local Bankruptcy Rules for the District of Delaware (the "**Local Rules**") requesting entry of a an order (the "**Sale Approval Order**"): (i) authorizing and approving the stalking horse Asset Purchase Agreement, dated as of May 14, 2010 (including all exhibits, schedules and ancillary agreements related thereto, the "**APA**"), by and among the Debtor and Victory Pharma, Inc. ("**Purchaser**"), pursuant to which Debtor has agreed to sell the Purchased Assets[2] to the Purchaser; (ii) authorizing and approving the sale by the Debtors of the Purchased Assets, free and clear of all liens, claims encumbrances and interests (other than certain enumerated liabilities that are to be assumed by the Purchaser, as set forth in Section 1.3(i) of the APA (the "**Assumed Liabilities**")); (iii) authorizing the assumption and assignment to the Purchaser of certain executory contracts (collectively, the

---

[1] The last four digits of the Debtor's taxpayer identification number are 8264. The Debtor's mailing address is 7 Village Circle, Suite 100, Westlake, Texas 76262.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

"**Debtor Contracts**") identified on Schedule A.1(f) of the APA; and (iv) granting other related relief; and the Court having conducted a hearing on the Sale Motion on July 28, 2010 ("**Sale Hearing**"), at which time all interested parties were offered an opportunity to appear and be heard with respect to the Sale Motion; and the Court having reviewed and considered (i) the Sale Motion and the exhibits thereto, (ii) the APA, (iii) this Court's Order Approving the Motion Pursuant to 11 U.S.C. §§ 105(A), 363, 365 And Fed. R. Bankr. P. 2002, 6005, 6006 for entry of an order establishing bidding and auction procedures related to the sale of the Debtor's assets (Docket No. 136), dated June 9, 2010 (the "**Bidding Procedures Order**") approving competitive bidding procedures for the Assets (the "**Bidding Procedures**"); and the Court having considered all objections to the Sale Transaction, the arguments of counsel made, and the evidence proffered or adduced, at the Sale Hearing; and due and proper notice of the Sale Motion having been provided to (i) the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**"), (ii) counsel to the Purchaser, (iii) counsel to the Official Committee of Unsecured Creditors, (iv) counsel to the Official Committee of Equity Security Holders, and (v) all parties requesting notice pursuant to Bankruptcy Rule 2002 and Local Rule 2002- 1(b); and due and proper notice of the Sale and the assumption and assignment of the Assumed Contracts otherwise having been provided to any other parties required to be noticed pursuant to the Bidding Procedures Order; and it appearing that no other or further notice need be provided; all parties in interest having been heard, or having had the opportunity to be heard, regarding the approval of the Bidding Procedures Order, the Sale and all transactions contemplated thereunder; and the Court having reviewed and considered the Motion and any objections thereto, and the arguments of counsel and evidence adduced related thereto; and upon the record of the hearings for consideration of the Bidding Procedures Order and the Sale and the full record of these cases; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtor, its estate and creditors, and all parties in interest,

and the legal and factual bases set forth in the Motion, and the record establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore,

**IT IS HEREBY FURTHER FOUND AND DETERMINED AS FOLLOWS:**

A. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

B. This Sale Approval Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a). Notwithstanding Bankruptcy Rules 6004(h) and 6006(d), the Court expressly finds that there is no just reason for delay in the implementation of this Sale Approval Order, and expressly directs entry of judgment as set forth herein.

C. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

D. Notice of the Motion and of the Sale Hearing was given in accordance with the directive of the Court and as otherwise required by applicable law, as evidenced by the affidavits of service on file with the Clerk of the Court.

E. Notice of the Sale Motion and of the Sale Hearing was adequate and sufficient under the circumstances.

F. Unless otherwise defined herein, capitalized terms used herein shall have the meanings ascribed to them in the Motion or the APA.

G. The procedures set forth in the Bidding Procedures Order were substantively fair and procedurally fair to all parties. The Debtor conducted the sale process (including the Auction) in accordance with the Bidding Procedures Order.

H. The highest, best and sole offer for the Purchased Assets was submitted by Purchaser pursuant to the terms of the APA and in accordance with the bid procedures previously approved by the Court.

I. The APA was negotiated and proposed, and has been entered into by the parties in good faith within the meaning of Section 363(m) of Title 11, United States Code (the "**Bankruptcy Code**"), at arm's length bargaining positions, and without collusion; the Purchaser is a good faith purchaser of the Purchased Assets (as defined in the APA) within the meaning of Section 363(m) of the Bankruptcy Code and entitled to the protections thereof; the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and the relief granted herein is in the best interests of Debtor and its estate.

J. The Purchased Assets are property of the Debtor and title thereto is vested in the Debtor.

K. Except as otherwise expressly provided in the APA, no further consents or approvals are required for the Debtor to consummate the Sale of the Purchased Assets other than the consent and approval of this Court. Although the parties have agreed under the terms of the APA to obtain certain additional consents or approvals, as conditions to the closing of the Sale of the Purchased Assets, the Court makes no finding as to whether any of these additional consents or approvals is necessary for approval and authorization of the Sale by the Court. Neither the execution of the APA nor the consummation of the Sale of the Purchased Assets in accordance with the terms of the APA will constitute a violation of any provision of the organizational documents of the Debtor or any other instrument, law, regulation, or ordinance by which any Debtor is bound.

L. The consideration to be paid by the Purchaser to the Debtor for the Purchased Assets pursuant to the APA (i) is fair and reasonable, (ii) is the highest and/or otherwise best offer for the

Purchased Assets, and (iii) constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and the Uniform Fraudulent Conveyance Act and the Uniform Fraudulent Transfer Act and any and all similar laws of any state or jurisdiction whose law is applicable to the Sale and transaction contemplated thereby.

      M.      All objections thereto having been resolved, other than as set forth below.

      N.      With respect to unresolved Claimed Cure Amounts, the Debtor shall preserve and or reserve such amounts (the "**Cure Amounts**") set forth on <u>Exhibit A</u> to the Notice of Intent to Assume and Assign Certain Executory Contracts, dated June 23, 2010 [Docket No. 153] (the "**Notice of Assumption**"), and said Cure Amounts are deemed the necessary amounts to "cure" all "defaults" under Section 365(b) of the Bankruptcy Code.

**IT IS HEREBY ORDERED AS FOLLOWS:**

      1.      The Motion is granted to the extent provided herein. All objections to the Motion that have not been withdrawn, waived, settled, or specifically addressed in this Order, and all reservations of rights included in such objections, are overruled in all respects on the merits and denied.

      2.      The Debtor is hereby authorized and empowered to enter into the APA and the APA is hereby approved in its entirety and incorporated herein by reference, and it is further ordered that all amounts payable under the APA shall be payable without the need for any application therefor or a further order of the Court.

      3.      Pursuant to Section 363(f) of the Bankruptcy Code, all of the Purchased Assets shall be sold free and clear of any and all mortgages, security interests, conditional sales or title retention agreements, pledges, hypothecations, liens, judgments, encumbrances or claims of any kind or nature (including, without limitation, any and all "claims" as defined in Section 101(5) of the Bankruptcy Code), whether arising by agreement, any statute or otherwise and whether arising

before, on or after the date on which this Chapter 11 case was commenced (collectively, the "**Liens**"), with such Liens to attach to the proceeds and consideration (whether in the form of cash or otherwise) payable to or at any time received by the Debtor under the APA with the same validity, force and effect as the same had with respect to the assets at issue, subject to any and all defenses, claims and/or counterclaims or setoffs that may exist.

4. The Debtor and the Purchaser, and each of their respective officers, employees and agents, are hereby authorized to take such actions necessary and appropriate to implement the APA and to close the transactions contemplated thereby without the necessity of a further order of this Court as provided by the APA, including, but not limited to, the assumption and assignment of the Assumed Contracts, all in accordance with the terms of the APA.

5. All of the transactions contemplated by the APA and the closing of the sale of the Purchased Assets and assignment of the Assumed Contracts shall be protected by Section 363(m) of the Bankruptcy Code in the event that this Order is reversed or modified on appeal.

6. The Purchaser shall not be liable for any claims against the Debtor other than as expressly provided for in the APA. Without limiting the generality of the other provisions of this Order, the Purchaser, under no circumstances, shall be deemed to be a successor of the Debtor. Accordingly, the Purchaser shall have no successor or vicarious or other liabilities of any kind with respect to the Debtor or the Purchased Assets, and all persons and entities shall be hereby enjoined from asserting any such claims against the Purchaser.

7. The provisions of this Order and the APA and any actions taken pursuant hereto or thereto shall survive entry of any order which may be entered confirming or consummating any plan of reorganization of the Debtor, or which may be entered converting Debtor's case from Chapter 11 to Chapter 7, and the terms and provisions of the APA as well as the rights and interests granted pursuant to this Order and the APA shall continue in this or any superseding case and shall be

binding upon the Debtor, the Purchaser and their respective successors and permitted assigns, including any trustee or other fiduciary hereafter appointed as a legal representative of the Debtor under Chapter 7 or 11 of the Bankruptcy Code. Any trustee appointed in the case shall be and hereby is authorized and directed to operate the business of Debtor to the fullest extent necessary to permit compliance with the terms of this Order and the APA and the Purchaser and the trustee shall be and hereby are authorized to perform under the APA upon the appointment of a trustee with the need for further order of this Court.

8. To the extent, if any, anything contained in this Order conflicts with a provision in the APA, this Order shall govern and control.

9. The APA or any document relating thereto may be modified, amended, or supplemented by the parties thereto, in a writing signed by such parties and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment, or supplement does not have a material adverse effect on the Debtor or its estate.

10. Any party having the right to consent to the assumption or assignment of the Assumed Contracts pursuant to the APA that has failed to object to such assumption or assignment by timely filing an Assumption and/or Cure Objection is deemed to have consented to such assumption and assignment, as required by Section 365(c) of the Bankruptcy Code. In addition, adequate assurance of future performance has been demonstrated by or on behalf of Purchaser with respect to the Assumed Contracts.[3]

11. There shall be no rent accelerations, assignment fees, increases, or any other fees charged to Debtor or to the Purchaser or its affiliates or designees as a result of the assumption and

---

[3] With respect to those Assumed Contracts listed in the Notice of Intent to Assume and Assign Certain Executory Contracts in Connection with the Sale of the Purchased Assets and the Fixing of Cure Amounts and Related Procedures, filed on June 23, 2010 at Docket No. 153, as being between the Debtor and Almac Pharma Services/Almac Sciences Limited & Alhow Laboratories, the correct contract counterparty is Almac Pharma Services Limited.

assignment by the Debtor to the Purchaser of the Assumed Contracts, and the validity of such assumption or assignment shall not be affected by any dispute between the Debtor and any counterparty to any Assumed Contract, and the Assumed Contracts, upon assignment to Purchaser, shall be deemed valid and binding and in full force and effect in accordance with their terms.

12. With respect to the Objection of Carroll Independent School District and Trophy Club MUD #1 (the "**Taxing Authorities**") [Docket No. 187], the Debtor shall reserve an amount, not less than $18,487.81, in its general operating account to satisfy the Debtor's 2010 ad valorem tax liability to the aforementioned Taxing Authorities until the Debtor's tax liability is determined to be less (at which time the tax reserve shall be reduced to the extent of the Debtor's outstanding ad valorem tax liability) or such taxes, and any applicable penalties and interest, are paid in full when such taxes become due. The tax liens shall attach to the reserved amount with the same validity, priority, and effect as they exist under non-bankruptcy law.

13. Notwithstanding anything to the contrary provided in the APA, the Notice of Assumption and/or this Order, the Cure Amounts relating to the assumption and assignment of the Assumed Contracts identified on the Notice of Assumption for Clonmel Healthcare Limited and Stada Production Ireland (collectively "**Clonmel**") shall be cured as set forth herein. On or prior to the Closing Date, the Debtor shall pay to Clonmel the amount of €247,656.54 and the Purchaser shall pay to Clonmel the amount of €116,260.92. With respect to the batch identified as Sample 1s at Almac (MOXATAG Bulk Batch 93608, included in invoice numbers 3576, 3724 and 3781), Clonmel shall complete the packaging and deliver the batch to the Purchaser in accordance with the terms thereof and such invoices, in the total amount of €117,438.52 plus £182,490.00, shall be paid by the Purchaser in accordance with ordinary payment terms. The remaining Purchaser cure amounts, for the invoices/purchase orders identified in Schedule 1.3(h), shall be paid by the Purchaser pursuant to the terms of the contracts. With respect to the raw materials, packaging,

intermediates and batches that are the subject of invoice numbers 3681 and 8606 and batches 92303 and 92806 included in invoice number 3576, such goods shall remain the property of Clonmel, and shall not be transferred to the Purchaser pursuant to the APA.

14. Notwithstanding anything to the contrary provided in the APA, the Notice of Assumption and/or this Order, the Cure Amounts relating to the assumption and assignment of the Assumed Contracts identified on the Notice of Assumption for Cardinal Health, Inc., and its affiliates (collectively "**Cardinal**") shall be cured as set forth herein. On or prior to the Closing Date, the Debtor shall pay to Cardinal the amount of $180,000 (the "**Cardinal Cure**"). The Cardinal Cure shall (i) be in full satisfaction of any and all amounts owed to Cardinal in connection with the assumption of the Voucher Agreement, pursuant to Section 365(b) of the Bankruptcy Code; (ii) fully resolve Cardinal's objection to the Sale (Docket No. 228); and (iii) resolve all issues between Cardinal and the Debtor as set forth more fully in the *Verified Motion of Cardinal Health ("Cardinal Health") for the Entry of an Order Granting Cardinal Health (A) Relief from the Automatic Stay, for Cause, Pursuant to 11 U.S.C. § 362(d)(1), to Set Off Mutual Pre-Petition Obligations; and (B) Related Relief* (the "**Setoff Motion**") (Docket No. 232). To the extent necessary, Cardinal is granted relief from the automatic stay of Section 362(a) of the Bankruptcy Code, pursuant to Section 362(d)(1) of the Bankruptcy, for purpose of effectuating the setoff requested in the Setoff Motion.

15. This Order shall be binding on all creditors (whether known or unknown) of the Debtor, all successors and assigns of the Purchaser, the Debtor, its affiliates and any subsequent trustee(s) appointed in the Debtor's Chapter 11 case or upon a conversion to Chapter 7 under the Bankruptcy Code and shall not be subject to rejection or revocation.

16. Consistent with, but not in limitation of the foregoing, each and every federal, state, and local government agency or department is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the Sale.

17. Except as otherwise set forth in this Order, this Court shall retain exclusive jurisdiction with regard to all issues on disputes in connection with this Order and the relief provided for herein, and to resolve any disputes related to the APA or the implementation thereof.

18. As provided by Bankruptcy Rules 6004(h) and 6006(d), this Sale Approval Order will not be stayed for 10 days after the entry of the Sale Approval Order and will be effective immediately upon entry, and the Debtors and the Purchaser are authorized to close the Sale Transition immediately upon entry of this Sale Approval Order.

Dated: July 26, 2010
Wilmington, Delaware

_____
THE HONORABLE MARY WALRATH
UNITED STATES BANKRUPTCY JUDGE