## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MIDDLEBROOK PHARMACEUTICALS, INC.,[1] | ) | Case No. 10-11485 (MFW) |
| | ) | |
| Debtor. | ) | Re: Docket Nos. 429 and 545 |
| | ) | |

## FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER APPROVING DISCLOSURE STATEMENT AND CONFIRMING THE DEBTOR'S MODIFIED PLAN OF LIQUIDATION

This case is before the Court on a request for confirmation of the Modified Plan of Liquidation, dated December 29, 2010 [Docket No. 545] (the "Plan"),[2] proposed by MiddleBrook Pharmaceuticals, Inc. (the "Debtor"), and approval of the Disclosure Statement related thereto (the "Disclosure Statement") [Docket No. 430]. After notice, hearings were held regarding approval of the Disclosure Statement and confirmation of the Plan on December 13, 2010 and December 29, 2010.

### Procedural Background

a.      On April 30, 2010 (the "Petition Date"), the Debtor commenced a voluntary case (the "Bankruptcy Case") under Chapter 11 of the Bankruptcy Code. Sections 1107(a) and 1108 of the Bankruptcy Code authorize the Debtor to operate its business and manage its assets as a debtor in possession. No party in interest has requested the appointment of a trustee or examiner.

b.      On May 11, 2010, the United States Trustee for the District of Delaware (the "United States Trustee") appointed an official committee of unsecured creditors (the "Creditors'

---

[1]      The last four digits of the Debtor's taxpayer identification number are 8264. The Debtor's mailing address is 7 Village Circle, Suite 100, Westlake, Texas 76262.

[2]      Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan.

Committee") in the Bankruptcy Case under Section 1102 of the Bankruptcy Code. [Docket No. 42].

    c.    On June 24, 2010, the United States Trustee appointed an official committee of equity security holders (the "Equity Committee") in the Bankruptcy Case. [Docket No. 154].

    d.    On July 28, 2010, the Court entered an order (the "Sale Order") approving the sale ("Sale") of substantially all of the Debtor's assets to Victory Pharma Inc. ("Victory").

    e.    The Sale to Victory closed on July 30, 2010 (the "Closing Date").

    f.    On November 4, 2010, the Debtor filed its original Plan of Liquidation [Docket No. 429] (the "Original Plan") and Disclosure Statement.

    g.    On November 5, the Debtor, the Creditors' Committee and the Equity Committee entered into the Stipulation (the "Stipulation") with Respect to (a) the Form and Manner of Notice of Disclosure Statement and Confirmation Hearing, (b) the Record Date, and (c) the Deadline and Procedures for Filing Objections to (i) the Adequacy of the Disclosure Statement, (ii) Confirmation of the Plan, and (iii) Proposed Treatment of Executory Contracts and Unexpired Leases Rejected Pursuant to the Plan (collectively, the "Plan Procedures"). [Docket No. 432].

    h.    The Stipulation was approved by this Court on November 8, 2010 [Docket No. 434].

    i.    Pursuant to the Stipulation:

        i.    November 4, 2010 at 4:00 p.m. (Eastern Time), was established as the Record Date for purposes of determining the Creditors entitled to receive notice of the Disclosure Statement and the hearing on confirmation of the Original Plan (the "Disclosure Statement and Confirmation Hearing Notice");

ii.     December 6, 2010 at 4:00 p.m. (Eastern Time), was established as the deadline (the "Objection Deadline")[3] for filing any objection, comment or response to the Disclosure Statement or to confirmation of the Original Plan; and

iii.    the hearing on the adequacy of the Disclosure Statement and confirmation of the Original Plan (the "Disclosure Statement and Confirmation Hearing") was scheduled for December 13, 2010 at 11:30 a.m. (Eastern Time).

j.      As evidenced by the Affidavit of Service of Karen M. Wagner (the "Mailing Affidavit") [Docket No. 436], at the direction of the Debtor and commencing on November 8, 2010, Kurtzman Carson Consultants LLC ("KCC") mailed the Disclosure Statement and Confirmation Hearing Notice to parties holding unclassified Claims, Holders of Claims in Classes 1, 2 and 3, and all other known parties in interest, notifying such parties and Holders of Claims of the deadline and procedures for filing objections to the Disclosure Statement or the Original Plan and that December 13, 2010 at 11:30 a.m. was the date and time of the Disclosure Statement and Confirmation Hearing. See Disclosure Statement and Confirmation Hearing Notice, Docket No. 435.

k.      The Disclosure Statement and Confirmation Hearing Notice further notified the parties of the following facts: (a) they were Unimpaired by the Original Plan and thus, were ineligible to vote on the Original Plan, (b) the proposed classification of their Claims or Interests and the estimated recovery for each Class, and (c) in bold in a separate heading entitled "Exculpation, Injunctions and Releases", notified them that, subject to an objection by a party in

---

[3]     The Debtor extended the objection deadline for the Creditors Committee until December 8, 2010, and for the office of the United States Trustee until December 9, 2010.

interest and subject to Bankruptcy Court approval, the Original Plan contained certain injunction, exculpation and release provisions and set forth each provision in bold. See Disclosure Statement and Confirmation Hearing Notice, Docket No. 435.

l.      On November 10, 2010, the Debtor caused a notice of the Disclosure Statement and Confirmation Hearing, including information regarding all related deadlines and the proposed injunctions, exculpations and releases, to be published in the New York Times (the "Publication Notice"), as evidenced by the Certification of Publication filed on November 12, 2010. [Docket No. 438].

m.      On November 29, 2010, the Debtor filed the Plan Supplement, including the Plan Administrator Agreement (Exhibit 1 to the Plan Supplement) and the Plan Committee Agreement (Exhibit 2 to the Plan Supplement). [Docket No. 478].

n.      On December 6, 2010, Riverside Claims, LLC ("Riverside"), filed its Objection to Disclosure Statement for the Debtor's Plan of Liquidation and the Debtor's Plan of Liquidation (the "Riverside Objection"). [Docket No. 490].

o.      Also on December 6, 2010, the Equity Committee filed its Limited Objection to Confirmation of the Debtor's Plan of Liquidation (the "Equity Committee Objection"). [Docket No. 491].

p.      On December 8, 2010, Seneca Meadows Corporate Center III L.L.L.P., Minkoff Development Corporation, and Seneca Meadows Corporate Center II L.L.C. (collectively, the "Seneca Entities") filed their Limited Objection to Debtor's Plan of Liquidation and Disclosure Statement for Debtor's Plan of Liquidation (the "Seneca Objection"). [Docket No. 495].

q.     Also on December 8, 2010, the Creditors' Committee filed its Objection to Confirmation of the Debtor's Plan of Liquidation (the "Creditors' Committee Objection"). [Docket No. 496].

r.     On December 9, 2010, the United States Trustee filed its Objection to Confirmation of the Debtor's Plan of Liquidation (the "United States Trustee Objection," together with the Riverside Objection, the Equity Committee Objection, the Seneca Objection and the Creditors' Committee Objection, the "Objections"). [Docket No. 501].

s.     On December 9, 2010, the Debtor filed its Memorandum of Law and Reply in Support of Confirmation of the Debtor's Plan of Liquidation (the "Confirmation Brief") in support of confirmation of the Original Plan. [Docket No. 503].

t.     On December 10, 2010, the Creditors' Committee filed its Objection to Proposed Form of Confirmation Order With Respect to the Issue of Late-Filed Claims (the "Confirmation Order Objection"). [Docket No. 509].

u.     At the Disclosure Statement and Confirmation Hearing, the Court heard the statements of counsel and evidentiary proffers of testimony by Brad Cole, Dave Carlson and Bill Pate, and the testimony of Ron Glass, and also received certain exhibits into evidence, in respect of the approval of the Disclosure Statement and confirmation of the Original Plan.

v.     Subsequent to the Disclosure Statement and Confirmation Hearing held on December 13, 2010, and the continued hearing held on December 29, 2010, and based on certain rulings made by the Court at such hearings, the Debtor filed the Modified Plan of Liquidation (the "Modified Plan") on December 29, 2010. [Docket No. ____]. Hereinafter, all references to the "Plan" shall be to the Modified Plan, unless the context is a reference to the original Plan.

NOW THEREFORE, based upon the Court's review of the Plan, the Disclosure Statement, the Plan Supplement and other documents filed in connection with the Plan, the Confirmation Brief, and the Objections, and upon (i) all of the evidence proffered or adduced and arguments of counsel made at the Disclosure Statement and Confirmation Hearing and (ii) the entire record of this Bankruptcy Case, and after due deliberation thereon, discussions made on the record at the Disclosure Statement and Confirmation Hearing and good cause appearing therefore, this Court hereby makes and issues the following Findings of Fact, Conclusions of Law and Orders:

## FINDINGS OF FACT AND CONCLUSIONS OF LAW[4]

A.    Exclusive Jurisdiction; Venue; Core Proceeding (28 U.S.C. §§ 157(b)(2) and 1334(a)).  On the Petition Date, the Debtor commenced the Bankruptcy Case by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.  The Debtor was qualified and is qualified to be a debtor under Section 109 of the Bankruptcy Code.  The Debtor is authorized to and has been operating as a debtor-in-possession since the commencement of the Bankruptcy Case.  No Trustee or examiner has been appointed in the case.  Venue was proper as of the Petition Date and continues to be proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This Court has jurisdiction over this Bankruptcy Case pursuant to 28 U.S.C. §§ 157 and 1334.  Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L), and this Court has exclusive jurisdiction to determine whether the Disclosure Statement contains adequate information and should be approved, and whether the Plan complies with the applicable

---

[4]    This order (the "Confirmation Order") constitutes this Court's findings of fact and conclusions of law under Rule 52 of the Federal Rules of Civil Procedure (the "Federal Rules"), as made applicable herein by Bankruptcy Rules 7052 and 9014.  Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.  See Fed. R. Bankr. P. 7052.

provisions of the Bankruptcy Code and should be confirmed. The Court has the power to authorize and direct each of the actions contemplated by the Plan.

B. <u>Findings Regarding the Debtor</u>. The Debtor has been duly incorporated or formed under the laws of jurisdiction in which it was organized. MiddleBrook Pharmaceuticals, Inc. is in good standing in the Commonwealth of Delaware and is registered and/or authorized to do business in the jurisdictions in which such authorization is necessary for the implementation, effectuation and consummation of this Plan. As a debtor-in-possession, the management of the Debtor, including but not limited to its board of directors and officers are and were duly authorized and empowered to take any and all such actions contemplated by and giving rise to the Plan. Each action, agreement and transaction contemplated by the Plan and this Confirmation Order, and all related actions, agreements and transactions necessary to implement, effectuate and confirm the Plan are authorized and lawful.

The Debtor, acting by and through its officers or managers, is duly authorized and empowered to take any and all such actions as any of these may determine are necessary or appropriate to implement, effectuate and consummate any and all documents or transactions contemplated by the Plan or this Confirmation Order. The Debtor has duly authorized, or is empowered to duly authorize, each of the acts, documents, agreements and transactions contemplated in the Plan and this Confirmation Order (the "<u>Plan Documents</u>") to implement, effect and consummate the Plan.

C. <u>Judicial Notice</u>. The Court takes judicial notice of the docket in this Bankruptcy Case maintained by the clerk of the Court, including, without limitation, all pleadings and other documents filed, all orders entered, all prior hearing transcripts and evidence and argument

made, proffered or adduced at the hearings held before the Court during the pendency of this Bankruptcy Case.

D.   Burden of Proof.  The Debtor, as proponent of the Plan, has met its burden of satisfying and proving the elements of Sections 1125 and 1129(a) and (b) of the Bankruptcy Code by a preponderance of the evidence, as further found and determined herein.

E.   Appropriateness of the Plan Procedures.  The Plan Procedures set forth in the Stipulation were fair and appropriate under the circumstances, provided adequate notice to all parties in interest and otherwise complied with Section 1125 and 1126 of the Bankruptcy Code.

F.   Transmittal of Plan Materials.  In satisfaction of Sections 1125 and 1126 of the Bankruptcy Code and Bankruptcy Rule 2002(b), and in accordance with the Stipulation between the Debtor, the Creditors' Committee and the Equity Committee, on or about November 8, 2010, the Debtor, through KCC, mailed the Disclosure Statement and Confirmation Hearing Notice to parties holding unclassified Claims, Holders of Claims in Classes 1, 2 and 3, and all other known parties in interest, and published the Publication Notice, notifying such parties and Holders of Claims of the deadline and procedures for filing objections to the Disclosure Statement or the Plan and that December 13, 2010 at 11:30 a.m. was the date and time of the Disclosure Statement and Confirmation Hearing.  The Disclosure Statement and Confirmation Hearing Notice and the Publication Notice put parties in interest on notice of the following:  (a) that they were Unimpaired by the Plan and thus, were ineligible to vote on the Plan, (b) the proposed classification of their Claims or Interests and the estimated recovery for each Class, and (c) that the Plan contained certain injunction, exculpation and release provisions.

G.   No Solicitation Required; No Requirement for Resolicitation.  Because no Classes of Claims or Interests were eligible to vote on the Plan, the solicitation of votes for acceptance or

rejection of the Plan was not required, as set forth in Section 1126(f) of the Bankruptcy Code. The Debtor's service of the Disclosure Statement and Confirmation Hearing Notice on all parties in interest, and the publication of the Publication Notice, therefore satisfied Sections 1125 and 1126 of the Bankruptcy Code, Bankruptcy Rules 3017 and 3018, the Stipulation, and all other applicable provisions of the Bankruptcy Code and all other applicable rules, laws and regulations. Accordingly, the Court finds no need to solicit, or resolicit, any votes.

H.     Adequacy of Notice.  Notice of the Disclosure Statement and Confirmation Hearing, including all deadlines established in the Stipulation, was given in compliance with the Bankruptcy Rules and the Stipulation and the materials served in conjunction therewith and the publication of the Publication Notice were good and sufficient notice in accordance with Bankruptcy Rules 2002(b) and 3020(b)(2).  The Disclosure Statement contained adequate information, and otherwise complies with Bankruptcy Code Sections 1125 and 1126 and Bankruptcy Rules 3017 and 3018.  The Plan Supplement, and all amendments, modifications, and supplements thereto, were transmitted and served in compliance with the Bankruptcy Rules. All parties in interest had the opportunity to appear and be heard at the Disclosure Statement and Confirmation Hearing and no other or further notice is required.

I.     Bar Date.  On July 6, 2010, the Court entered an order (the "Bar Date Order") [Docket No. 176] establishing August 27, 2010, as the general deadline to file proofs of claim for prepetition claims against the Debtor (the "General Bar Date") and October 31, 2010, as the bar date for governmental units (the "Governmental Unit Bar Date").

J.     Impaired Classes Voting to Accept the Plan.  As provided in Article II of the Plan, no Classes of Claims or Interests are Impaired under the Plan.

K.     <u>Classes Deemed To Accept the Plan</u>.   Class 1—Priority Non-Tax Claims, Class 2—Secured Claims, Class 3—General Unsecured Claims and Class 4—Interests are not impaired under the Plan and are deemed to have accepted the Plan pursuant to Section 1126(f) of the Bankruptcy Code.

L.     <u>Classes Deemed to Reject the Plan</u>.   All Classes are receiving or retaining distributions or property under the Plan and, accordingly, there are no Classes deemed to have rejected the Plan.

M.     <u>Preservation of Causes of Action</u>.   Pursuant to the Plan and Disclosure Statement, the Debtor has provided due and sufficient notice that the Plan preserves all Causes of Action, including actions under Chapter 5 of the Bankruptcy Code, except as otherwise set forth in the Plan, the Plan Supplement, and any settlement agreements approved by this Court or this Confirmation Order.

N.     <u>Rule 9019(a) Settlement</u>.   Except as otherwise provided in the Plan and this Confirmation Order, the Plan is a settlement between and among the Debtor and its creditors and equity holders of all claims and litigation against the Debtor, pending or threatened, or that were or could have been commenced against the Debtor prior to the date of entry of this Confirmation Order (other than the Post-Effective Date Debtor's ability to prosecute objections to Claims and other retained Causes of Action to the extent preserved by the Plan).   Such settlement, as reflected in the relative distributions and recoveries or other benefits provided to holders of Claims or Interests under the Plan, (i) will save the Debtor and its Estate the costs and expenses of prosecuting various disputes, the outcome of which is likely to consume substantial resources of the Debtor's Estate and require substantial time to adjudicate, and (ii) has facilitated the

creation and implementation of the Plan and benefits the Debtor's Estate and creditors. Accordingly, such settlement is fair and reasonable.

O. <u>Exculpation and Injunctions</u>. Pursuant to Section 1123(b)(3) of the Bankruptcy Code and Bankruptcy Rule 9019(a), the settlements, compromises, exculpations and injunctions set forth in Article IX of the Plan and herein, and implemented by this Confirmation Order, are fair, equitable, reasonable and in the best interests of the Debtor, its Estate, the Post-Effective Date Debtor, creditors and equity holders. Such compromises and settlements are made in exchange for adequate consideration and are in the best interests of the Holders of Claims and Interests, are fair, necessary, equitable and reasonable, and are integral elements of the resolution of this Bankruptcy Case in accordance with the Plan. The exculpation is (i) within the jurisdiction of this Court under 28 U.S.C. §§ 1334(a), 1334(b) and 1334(d); (ii) an essential means of implementing the Plan pursuant to Section 1123(a)(5) of the Bankruptcy Code; (iii) an integral element of the Plan; (iv) conferring material benefit on, and is in the best interests of, the Debtor, its estate and its creditors and interest holders; (v) important to the overall objectives of the Plan to finally resolve all Claims among or against the parties-in-interest in the Bankruptcy Case with respect to the Debtor; (vi) within the reasonable range of litigation outcomes; and (vii) consistent with sections 105, 1123, 1129 and other applicable provisions of the Bankruptcy Code and with applicable law. The record of the Confirmation Hearing and this Bankruptcy Case is sufficient to support the releases, exculpations, and injunctions provided for in Article IX of the Plan and herein.

P. <u>Assumption and Rejection of Executory Contracts and Unexpired Leases</u>. Article VII of the Plan governing the assumption and rejection of executory contracts and unexpired leases satisfies the requirements of all applicable provisions of Section 365 of the Bankruptcy

Code. The assumption or rejection of any executory contract or unexpired lease pursuant to Article VII of the Plan and this Confirmation Order shall be legal, valid, and binding upon the Debtor or Post-Effective Date Debtor and all parties to such executory contract or unexpired lease to the same extent as if such assumption or rejection had been effectuated pursuant to an order of the Court entered before the confirmation of the Plan.

Q.  Plan's Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(1)). The Plan complies with the applicable provisions of the Bankruptcy Code, including, without limitation, Sections 1122 and 1123, thereby satisfying Section 1129(a)(1) of the Bankruptcy Code.

(i)  *Proper Classification (11 U.S.C. §§ 1122, 1123(a)(1)).* In addition to Administrative Claims and Priority Tax Claims, which are not and do not need to be classified, the Plan designates separate Classes of Claims and Interests for and against the Debtor. The Claims and Interests placed in each Class are substantially similar to other Claims and Interests, as the case may be, in each such Class. Valid business, factual and legal reasons exist for separately classifying the various Classes of Claims and Interests created under the Plan, and such Classes do not unfairly discriminate between holders of Claims and Interests or the holders of such Claims and Interests have consented to such classification. Thus, the Plan satisfies Sections 1122 and 1123(a)(1) of the Bankruptcy Code.

(ii)  *Specify Unimpaired Classes (11 U.S.C. § 1123(a)(2)).* Article II of the Plan specifies that Class 1—Priority Non-Tax Claims, Class 2—Secured Claims, Class 3 – General Unsecured Claims and Class 4—Interests are not impaired in that the legal, equitable or contractual rights of Holders of Claims or Interests in these Classes are not altered under the Plan, which satisfies Section 1123(a)(2) of the Bankruptcy Code.

   *(iii) Specify Treatment of Impaired Classes (11 U.S.C. § 1123(a)(3)).* Article II of the Plan provides that no classes of Claims or Interests are Impaired under the Plan, which is in compliance with Section 1123(a)(3) of the Bankruptcy Code.

   *(iv) No Discrimination (11 U.S.C. § 1123(a)(4)).* Article III of the Plan provides for the same treatment by the Debtor for each Claim or Interest in each respective Class unless the Holder of a particular Claim or Interest has agreed to a less favorable treatment of such Claim or Interest, which satisfies Section 1123(a)(4) of the Bankruptcy Code.

   *(v) Implementation of the Plan (11 U.S.C. § 1123(a)(5)).* Article V of the Plan contains numerous provisions to adequately facilitate implementation of the Plan, including, without limitation: the setting of an Administrative Expense Bar Date, preserving Causes of Action belonging to the Estate, the appointment of a Plan Administrator to liquidate the remaining assets of the Debtor, providing for the dissolution of the Debtor and the means by which objections to and allowance of Claims will occur for purposes of distribution. See Plan, Article V. All of these means are sufficient to implement the Debtor's Plan and the Plan provides adequate and proper means for its implementation, which satisfies Section 1123(a)(5) of the Bankruptcy Code.

   *(vi) Non-Voting Equity Securities (11 U.S.C. § 1123(a)(6)).* Section 1123(a)(6) of the Bankruptcy Code does not apply to the Plan because the Debtor does not propose to issue any non-voting equity securities under the Plan.

   *(vii) Selection of Officers, Directors and the Trustee (11 U.S.C. § 1123(a)(7)).* Pursuant to Section 5.6 of the Plan and the Plan Administrator Agreement attached to the Plan Supplement as Exhibit 1, Ronald Glass of GlassRatner Advisory & Capital Group, LLC will be appointed as the Plan Administrator. As required by Section 1123(a)(7) of the Bankruptcy Code,

the Debtor has selected Mr. Glass in a manner consistent with the interests of creditors and equity security holders and with public policy.

(viii) *Additional Provisions of the Plan (11 U.S.C. § 1123(b))*. The Plan contains additional permissive provisions, including, without limitation: (i) Section 7.1 of the Plan provides for the rejection of the Debtor's remaining executory contracts; (ii) Section 9.6 provides that all consideration exchanged under the Plan shall be in exchange for, and in complete satisfaction, settlement and release of, all Claims and Interests of any nature whatsoever against the Debtor or any of its Estate, assets, properties or interest in property; and (iii) Sections 5.4 and 5.8 of the Plan provide that the Debtor and its Estate shall retain the Causes of Action, and the Post-Effective Date Debtor and the Plan Administrator, as successors in interest to the Debtor and its Estate, may enforce, sue on settle or compromise any or all of the Causes of Action. The injunctions and stays issued pursuant to Section 9.7 of the Plan preserve and enforce the releases granted by the Plan and are narrowly tailored to achieve that purpose. Such provisions, and all other provisions of the Plan are consistent with Section 1123(b)(6) of the Bankruptcy Code, and not inconsistent with the applicable provisions of the Bankruptcy Code.

R.     Compliance with Bankruptcy Rule 3016. The Plan is dated and identifies the entity submitting it, thereby satisfying Bankruptcy Rule 3016(a). The filing of the Disclosure Statement with the Court satisfies Bankruptcy Rule 3016(b). The Plan describes in specific and conspicuous language all acts to be enjoined under the Plan and identifies all entities that are subject to the injunctions set forth in the Plan in accordance with Bankruptcy Rule 3016(c).

S.     Compliance with Bankruptcy Rule 3018. As set forth more fully in Paragraphs F, G, and H above, no solicitation of votes to accept or reject the Plan was required as no parties

were entitled to vote on the Plan. The Notice of Disclosure Statement and Confirmation Hearing was transmitted to all creditors and known parties in interest, the Publication Notice was published in the New York Times, sufficient time was prescribed for the parties in interest to object to the adequacy of the Disclosure Statement or the confirmation of the Plan, and the materials related to the Plan Procedures otherwise comply with Section 1126 of the Bankruptcy Code, thereby satisfying the requirements of Bankruptcy Rule 3018.

T. Debtor's Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(2)). The Debtor has complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Stipulation in transmitting the Plan, the Disclosure Statement, and the Notice of Disclosure Statement and Confirmation Hearing and publishing the Publication Notice and has otherwise complied with the provisions of Title 11, thereby satisfying Section 1129(a)(2) of the Bankruptcy Code.

U. Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3)). The Debtor has proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying Section 1129(a)(3) of the Bankruptcy Code. The Plan is designed to allow the Debtor to liquidate its remaining assets in a manner that will maximize recoveries to its creditors and interest holders. Moreover, the Plan itself, the process leading to its formation, and the support for the Plan received from various parties in interest provides independent evidence of the Debtor's good faith. The Debtor, its predecessors, successors and assigns (whether by operation of law or otherwise) and its current and former equity holders, officers, directors, employees, managers, shareholders, financial advisors, attorneys, accountants, investment bankers, consultants, agents, and professionals, or other representatives have acted in "good faith" within the meaning of Section 1125(e) of the Bankruptcy Code, thus satisfying the "good faith" requirement of Section

1129(a)(3). Further, the Plan is the product of extensive, arm's length negotiations among the Debtor, the Creditors' Committee, the Equity Committee, certain of the Debtor's shareholders and each of their respective representatives, and reflects, where applicable, the results of these arm's length negotiations and embodies the best interests of all of the constituencies of the Debtor's Estate. In determining that the Plan has been proposed in good faith, this Court has examined the totality of the circumstances surrounding the formulation of the Plan.

V.     Payments for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4)). Any payment made or to be made by the Debtor or by any person acquiring property under the Plan, for services or for costs and expenses in or in connection with the Bankruptcy Case, or in connection with the Plan and incident to the Bankruptcy Case, has been disclosed to this Court. Any such payment made on a final basis before confirmation of the Plan is reasonable and any such payment to be fixed or approved on a final basis after confirmation of the Plan is subject to Court approval, as reasonable. The Plan therefore satisfies Section 1129(a)(4) of the Bankruptcy Code.

W.     Directors, Officers and Insiders (11 U.S.C. § 1129(a)(5)). Pursuant to Section 1129(a)(5) of the Bankruptcy Code, the Debtor disclosed the identity of the proposed Plan Administrator in Exhibit 1 to the Plan Supplement. The appointment of the Plan Administrator is consistent with the interests of the Holders of Claims and Interests and with public policy. The provisions are consistent with the requirements of Section 1129(a)(5) and are in the best interests of Creditors and therefore, the Plan satisfies the requirements of Section 1129(a)(5) of the Bankruptcy Code.

X. **No Rate Changes (11 U.S.C. § 1129(a)(6)).** The Plan does not provide for the change of any rates subject to the oversight of a governmental regulatory commission. Thus, Section 1129(a)(6) of the Bankruptcy Code is inapplicable.

Y. **Best Interests Test (11 U.S.C. § 1129(a)(7)).** All Classes of Claims and Interests are Unimpaired under the Plan and thus are deemed to have accepted the Plan. Section 1129(a)(7) of the Bankruptcy Code is therefore inapplicable.

Z. **Acceptance or Rejection by Certain Classes (11 U.S.C. § 1129(a)(8)).** Because all Classes of Claims and Interests are Unimpaired and are deemed to accept the Plan, Section 1129(a)(8) of the Bankruptcy Code is satisfied and the Plan and a cram down under Section 1129(b) is not required.

AA. **Treatment of Administrative, Priority and Tax Claims (11 U.S.C. § 1129(a)(9)).** The Plan provides for treatment of Allowed Claims entitled to priority pursuant to Section 507(a)(2)-(8) of the Bankruptcy Code in the manner required by Section 1129(a)(9) of the Bankruptcy Code.

BB. **Acceptance By Impaired Class (11 U.S.C. § 1129(a)(10)).** Section 1129(a)(10) of the Bankruptcy Code is inapplicable because there is no Class of Impaired Claims or Interests.

CC. **Feasibility (11 U.S.C. § 1129(a)(11)).** The Plan is feasible as the Debtor has demonstrated, through the financial information provided in its monthly operating reports and evidence proffered or adduced at the Disclosure Statement and Confirmation Hearing, that there is a high probability the Debtor possesses sufficient funds to meet its expectations under the Plan—to satisfy in full Administrative Expenses, the Priority Tax Claims, the Priority Non-Tax Claims, the Secured Claims and the General Unsecured Claims and distribute to Holders of

Allowed Interests in Class 4 a Pro Rata share of the remaining value of the Debtor. The Plan therefore complies with Section 1129(a)(11) of the Bankruptcy Code.

DD.  Payment of Fees (11 U.S.C. § 1129(a)(12)).  Section 10.9 of the Plan provides that all fees payable pursuant to Section 1930 of Title 28 of the United States Code, shall be paid by the Debtor or the Plan Administrator.  Therefore the Plan meets the requirements of Section 1129(a)(12) of the Bankruptcy Code.

EE.  Retiree Benefits (11 U.S.C. § 1129(a)(13)).  The Debtor has no obligation to pay for retiree benefits and therefore Section 1129(a)(13) is not applicable to the Plan.

FF.  Payment of Domestic Support Obligations (11 U.S.C. § 1129(a)(14)).  The Debtor is not required by any judicial or administrative order, or by statute, to pay any domestic support obligation and Section 1129(a)(14) is therefore inapplicable to the Plan.

GG.  Certain Payments by Individual Debtors (11 U.S.C. § 1129(a)(15)).  The Debtor is not an individual and therefore Section 1129(a)(15) is inapplicable to the Plan.

HH.  Transfers of property of a Debtor that is not a moneyed interest (11 U.S.C. § 1129(a)(16)).  The Debtor is a for-profit corporation and Section 1129(a)(16) by its terms applies only to corporations and trusts that are *not* "moneyed, business, or commercial."  Section 1129(a)(16) is therefore inapplicable to the Plan.

II.  No Unfair Discrimination; Fair and Equitable (11 U.S.C. § 1129(b)).  Because all Classes of Claims and Interests are deemed to have accepted the Plan, "cramdown" of the Plan as set forth in Section 1129(b)(1) of the Bankruptcy Code is not required.

JJ.  Principal Purpose (11 U.S.C. § 1129(d)).  The avoidance of Section 5 of the Securities Act of 1933 is not the principal purpose of the Plan, nor is the avoidance of taxes or any provision of applicable tax law a principal purpose of the plan, and no governmental unit has

objected to the confirmation of the Plan asserting such avoidance. The Plan, therefore, satisfies the requirements of Section 1129(d) of the Bankruptcy Code.

KK. <u>Good Faith Solicitation (11 U.S.C. § 1125(e))</u>. Based on the record in this Bankruptcy Case, the Debtor and its directors, officers, employees, advisors and attorneys have acted in "good faith" within the meaning of Section 1125(e) of the Bankruptcy Code and Bankruptcy Rules in compliance with all of their respective activities related to the Disclosure Statement and the Plan and their participation in the activities described in Section 1125 of the Bankruptcy Code and, accordingly, such parties are entitled to the protections afforded by Section 1125(e) of the Bankruptcy Code and the exculpation provisions set forth in Article IX of the Plan. Based upon the Court's review of the amendments and modifications embodied in the Plan, no solicitation is necessary.

LL. <u>Satisfaction of Confirmation Requirements</u>. The Plan satisfies the requirements for confirmation set forth in Section 1129 of the Bankruptcy Code.

MM. <u>MEIP</u>. The MiddleBrook Employee Incentive Plan, as adopted by the Post-Effective Date Debtor by virtue of Section 10.15 of the Plan, is reasonable and justified under the facts and circumstances of this Bankruptcy Case and is permissible under and does not violate any provision of the Bankruptcy Code including, without limitation, Section 503(c) of the Bankruptcy Code.

NN. <u>Retention of Jurisdiction</u>. Pursuant to Sections 105(a) and 1142 of the Bankruptcy Code, and notwithstanding the entry of this Confirmation Order or the occurrence of the Effective Date, this Court, except as otherwise provided in the Plan or herein, shall retain exclusive jurisdiction over all matters arising out of, and related to, this Bankruptcy Case and the

Plan to the fullest extent permitted by law, including, but not limited to, the matters set forth in Article X of the Plan.

## ORDER

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.     <u>Objections Withdrawn or Overruled</u>.  The Objections, and all other objections and responses to the Plan, if any, not heretofore withdrawn or resolved, or otherwise resolved at the Disclosure Statement and Confirmation Hearing as announced on the record, are overruled in their entirety or deemed withdrawn with prejudice.

2.     <u>Approval of Disclosure Statement</u>.  The Disclosure Statement contains adequate information in accordance with Sections 1125 and 1126 of the Bankruptcy Code.  Notice of the Disclosure Statement and Confirmation Hearing was provided by the Debtor in good faith and in compliance with Sections 1125 and 1126 of the Bankruptcy Code, Bankruptcy Rules 3017 and 3018, all other applicable provisions of the Bankruptcy Code and all other rules, laws and regulations, and the Stipulation and Plan Procedures are hereby approved in all respects and the Disclosure Statement is hereby deemed to contain adequate information as contemplated by Section 1125 of the Bankruptcy Code and is hereby approved.  Because no Classes of Claims or Interests are Impaired under the Plan, the solicitation of votes on the Plan was not and is not required.

3.     <u>Confirmation of the Plan</u>.  The Plan (as deemed amended by this Confirmation Order) is approved and confirmed under Section 1129 of the Bankruptcy Code.  The terms of each of the documents in the Plan, including the Plan Supplement and any other exhibits or annexations thereto (subject to further modifications by the Debtor, which modifications shall

not be inconsistent with the Plan or this Confirmation Order), and any documents necessary in the judgment of the Post-Effective Date Debtor to implement, effectuate and finalize the Plan, whether or not specifically contemplated in the Plan and the Plan Documents, are approved, are an integral part of the Plan, and are incorporated by reference into the Plan and this Confirmation Order.

4. _Plan Classification Controlling_. The classifications of Claims and Interests for purposes of distributions under the Plan shall be governed solely by the terms of the Plan.

5. _Severability_. Should any provision of the Plan or this Confirmation Order, including the findings of fact and conclusions of law set forth herein, be determined to be unenforceable after the Effective Date such determination shall in no way limit or affect the enforceability and operative effect of any and all of the other provisions of the Plan.

6. _Record Closed_. The record of the Disclosure Statement and Confirmation Hearing is hereby closed.

7. _Notice_. As established by the Mailing Affidavit and the Certification of Publication, and as set forth in Paragraphs F and H above, the Debtor provided good and sufficient notice of the Disclosure Statement and Confirmation Hearing and the deadline for filing and serving objections to the Plan and Disclosure Statement, which notice is hereby approved.

8. _Authorization and Direction to Act_. In accordance with Section 1142 of the Bankruptcy Code, Section 213 of the Delaware Limited Liability Company Act, and any other applicable law of any jurisdiction, the Debtor, the Post-Effective Date Debtor and each other appropriate party are hereby authorized and directed to take all steps and perform such acts as may be necessary, desirable or appropriate, to comply with, implement and effectuate the Plan,

whether or not such action is specifically contemplated by the Plan, the Plan Documents or this Confirmation Order.

No further approval by the Bankruptcy Court shall be required for any action, transaction or agreement that the management of the Debtor determines is necessary or appropriate to implement and effectuate or consummate the Plan, whether or not such action, transaction or agreement is specifically contemplated in the Plan or the Confirmation Order. This Confirmation Order shall further constitute all approvals, consents and directions required for management of the Debtor or the Post-Effective Date Debtor to act consistent with the Plan by the laws, rules, and regulations of all states and any other governmental authority with respect to the implementation or consummation of the Plan and any documents, instruments, or agreements, and any other acts and transactions referred to in or contemplated by the Plan and the Plan Supplement.

Unless specifically directed by this Confirmation Order, no further action of the Debtor or the Post-Effective Date Debtor shall be necessary to perform any act to comply with, implement and effectuate the Plan. The approvals and authorizations specifically set forth in this Confirmation Order are nonexclusive and are not intended to limit the authority of the Debtor or the Post-Effective Date Debtor to take any and all actions necessary or appropriate to implement, effectuate and consummate any and all documents or transactions contemplated by the Plan, the Plan Documents or this Confirmation Order.

9.    Corporate Action. Prior to, on, or after the Effective Date, as appropriate, all matters expressly provided for under the Plan that would otherwise require approval of the shareholders, directors or managers of the Debtor shall be deemed to have occurred and shall be in effect prior to, on, or after the Effective Date (as appropriate) pursuant to the applicable

general corporation or other applicable law of the jurisdictions in which the Debtor is incorporated without any requirement of further action by such shareholders, directors or managers of the Debtor.

10.    Binding Effect.    Except as otherwise provided in Section 1141(d)(3) of the Bankruptcy Code and subject to the occurrence of the Effective Date, on and after the Confirmation Date, the provisions of this Plan shall bind any Holder of a Claim against, or Interest in, the Debtor and such Holder's respective successors and assigns, whether or not the Claim or Interest of such Holder is Impaired under this Plan and whether or not such Holder has accepted this Plan.  Pursuant to Sections 1123(a) and 1142(a) of the Bankruptcy Code and the provisions of this Confirmation Order, the Plan, and all documents related to the Plan shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law.

11.    Revesting of Estate Assets.    Notwithstanding Section 1141(b) of the Bankruptcy Code, except as otherwise provided for in the Plan or this Confirmation Order, the Estate Assets, including Causes of Action, shall not revest in the Debtor or the Post-Effective Date Debtor, but shall remain property of the Estate subject to the jurisdiction of the Bankruptcy Court, but under the exclusive control of the Plan Administrator, until liquidated and distributed to Holders of Allowed Claims and Interests in accordance with the provisions of this Plan and the Confirmation Order.

12.    Cancellation of Outstanding Interests.    As of the Effective Date, except for purposes of evidencing a right to a Distribution or as otherwise provided for in the Plan or herein, (a) all agreements and other documents evidencing the Claims or rights of any Holders of such Claims against the Debtor, including, but not limited to, all contracts, notes, guarantees, and

mortgages, and (b) all Interests, shall be canceled. Thereafter, one share of stock in the Debtor shall be issued to the Plan Administrator.

13. _Plan Administrator Agreement and Plan Committee Agreement._ Prior to or on the Effective Date, the Plan Administrator Agreement and Plan Committee Agreement, substantially in the form attached as Exhibits 1 and 2 to the Plan Supplement as modified pursuant to the Court's instructions at the hearing held on December 29, 2010, shall be executed and made effective.

14. _Successor Plan Administrator._ Should the Plan Administrator initially appointed pursuant to the terms of the Plan become unable or unwilling to continue in such role then the Plan Committee shall select a successor. Alternatively, any party in interest may move the Bankruptcy Court to appoint a successor. Once approved by the Bankruptcy Court, such successor shall become the Plan Administrator for all purposes, and shall have all the rights and powers of the Plan Administrator as set forth in this Plan. The U.S. Trustee's Office shall have no responsibility to appoint a successor Plan Administrator.

15. _Preservation and Retention of Causes of Action, Defenses of the Debtor, and Rights to Object to Claims._ Except as otherwise provided expressly in the Plan, in this Confirmation Order, or in any document, instrument, settlement agreement approved by the Court, release or other agreement entered into in connection with the Plan, the Debtor, on behalf of itself and its Estate, and the Post-Effective Date Debtor has retained and reserved all rights to commence, pursue, settle or compromise, or decline to do any of the foregoing, as appropriate, any and all Causes of Action, which expressly include Chapter 5 Causes of Action, whether arising prior to or after the Petition Date, in any court or other tribunal, including, without limitation, in an adversary proceeding filed in this Bankruptcy Case. The failure to specifically

list in the Disclosure Statement or in the Plan any potential or existing Causes of Action generally or specifically does not limit the rights of the Debtor or the Post-Effective Date Debtor to pursue such action. Nothing in this Paragraph shall be deemed to affect the validity of any release or waiver by the Debtor set forth in the Plan or any Final Order.

16. <u>Distributions and Claims Reconciliation</u>. The provisions of Article VI of the Plan governing distributions and the resolution and treatment of disputed Claims and Interests under the Plan, unless modified in this Paragraph 16, are hereby approved in all respect and found to be fair and reasonable. Except as otherwise provided in the Plan, on and after the Effective Date, the Plan Administrator shall have sole responsibility and authority for administering, disputing, objecting to, compromising and settling, or otherwise resolving and making distributions (if any) with respect to all Claims, including all Administrative Expense Claims, without notice to any other party or approval of, or notice to the Court. Notwithstanding the preceding, if the Debtor or the Plan Administrator fail to use their best efforts to make the Initial Distribution as soon as practicable by or immediately following the Effective Date, any party in interest, upon motion for good cause shown, may seek an order from the Court compelling such distribution.

17. <u>Interest on Distributions to Holders of Allowed Class 3 Claims</u>. The Initial Allowed Class 3 Claim List and all subsequent Claim Lists (if any) filed by the Debtor or the Plan Administrator shall designate the applicable interest rate that the Holders of Allowed General Unsecured Claims will receive on account on their Allowed Claims, accruing from the Petition Date to the Distribution Date, in Cash. Holders of Allowed Class 3 Claims that are entitled to interest pursuant to a valid and binding contract with the Debtor and who requested the payment of interest in a proof of claim Filed by the Holder of the Allowed Claim will be paid interest on their Allowed Claim at the applicable contractual rate, and

Holders of Allowed Class 3 Claims that are not entitled to interest pursuant to a valid and binding contract with the Debtor or who did not request the payment of interest in a proof of claim Filed by the Holder of the Allowed Claim will be paid interest on their Allowed Claim at the federal judgment rate applicable as of the Petition Date. To the extent a Holder of an Allowed Class 3 Claim sought default interest in its proof of claim and in fact the Debtor defaulted on the applicable contract prior to the Petition Date, and such default was not caused by the Holder of the Allowed Claim or triggered by the filing of the Bankruptcy Case (or the Holder of the Allowed Claim is otherwise entitled by non-bankruptcy law to default interest under such circumstances), the Debtor will pay to Holder of such Allowed Class 3 Claim the default rate set forth in the applicable contract for the specific charges to which default interest rate applies, and any charges to which the default interest rate does not apply will be subject to the contract rate, or if no such rate is specified, the federal judgment rate as of the Petition Date.

18.    Disputes Regarding Interest on Distributions to Holders of Allowed Class 3 Claims. If the Holder of an Allowed General Unsecured Claim disputes the proposed rate of interest, such Holder shall give written notice to the Debtor and Plan Administrator of its disagreement (a "Notice of Interest Rate Dispute") within fourteen (14) days of the filing of the applicable Claim List. If the parties are unable to resolve the dispute, within twenty-one (21) days of the receipt of the Notice of Interest Rate Dispute, such Holder of an Allowed General Unsecured Claim shall file a motion with the Court seeking the entry of an order establishing the applicable rate of interest. The Debtor and Plan Administrator fully reserve their right to dispute the interest rate sought and the application of such interest rate to the Claim. Notwithstanding a Notice of Interest Rate Dispute or a dispute concerning the

appropriate rate of interest, the Debtor or Plan Administrator shall distribute the amount set forth in the applicable Claim List prior to the resolution of such dispute. Nothing herein shall modify the application of Section 502(b)(6) of the Bankruptcy Code.

19. <u>Failure to Timely File Proof of Claim</u>. Any person or entity (including, without limitation, any individual, partnership, joint venture, corporation, limited liability company, estate, trust or governmental unit) that was required to file a timely proof of claim in the form and manner specified by the Bar Date Order and failed to do so on or before the General Bar Date or the Governmental Unit Bar Date, as applicable, and failed to file an untimely proof of claim by the date set for the Disclosure Statement and Confirmation Hearing, shall be, absent further Order of the Bankruptcy Court, forever barred, estopped, and enjoined from asserting such claim against the Debtor or the Post-Effective Date Debtor and shall not receive or be entitled to receive any payment or distribution of property from the Debtor or its successors or assigns with respect to such claim. The Debtor and the Plan Administrator retain the right to object to any untimely filed proof of claim.

20. <u>Objections to Claims</u>. Except as provided in the Plan or this Confirmation Order, any objection to the allowance of a Claim must be Filed within sixty (60) days after the Effective Date (or, within sixty (60) days after the Filing of such Claim, whichever is later). The Bankruptcy Court may extend such deadline upon motion for good cause shown. Any objection not filed by such deadline shall be deemed waived, and the Claim shall be an Allowed Claim in the amount set forth on the proof of claim Filed by the Holder of such Claim.

21. <u>Assumption and Rejection of Executory Contracts</u>. Through Section 7.1 of the Plan and this Confirmation Order, except as otherwise provided herein and in Paragraph 22 of this Confirmation Order, below, all of the Debtor's prepetition executory contracts and unexpired

leases are deemed rejected, effective as of the Confirmation Date, in accordance with Sections 365 and 1123 of the Bankruptcy Code unless such executory contract or unexpired lease (i) was previously assumed or rejected by the Debtor, (ii) previously expired or terminated pursuant to its own terms, or (iii) is subject to a pending motion to assume or reject. Entry of this Confirmation Order shall constitute approval or such rejections pursuant to Sections 365(a) and 1123 of the Bankruptcy Code and each executory contract assumed shall revest in and be fully enforceable by the Post-Effective Date Debtor or its assignee in accordance with its terms, except as modified by the provisions of the Plan or any order of the Court authorizing and providing for its assumption or applicable federal law.

22. <u>Certain Insurance Policy Matters</u>. Notwithstanding Section 7.1 of the Plan and Paragraph 21 of this Confirmation Order, to the extent that any insurance policies to which the Debtor is a party are executory contracts entered into prior to the Petition Date, the policies shall be deemed assumed effective as of the Confirmation Date. Further, to the extent any insurance policies to which the Debtor is a party were entered into postpetition, the Plan Administrator and the Post-Effective Date Debtor shall perform all of the insured's obligations under such policies. Nothing in the Plan or this Confirmation Order, or any provision that purports to be preemptory or supervening, shall in any way operate to, or have the effect of, impairing in any respect the legal, equitable or contractual rights and defenses, if any, of the insured or insurer with respect to any insurance policy to which the Debtor is a party.

23. <u>Bar Date for Rejection Claims</u>. Pursuant to the Bar Date Order, Claims arising out of the rejection of executory contracts or unexpired leases rejected as of the Confirmation Date pursuant to the Plan must be filed no later than thirty (30) days after the entry of the Confirmation Order effectuating the rejection.

24.    <u>Exculpation</u>.  From and after the Effective Date, (i) the Debtor, (ii) the present and former members of the Debtor's Board of Directors who were serving in such capacity on or after the Petition Date, (iii) the present and former officers and employees of the Debtor who were serving in such capacity on or after the Petition Date, (iv) the Creditors' Committee and the Equity Committee and their respective past and present members (but only in their capacity as members of the Creditors' Committee or the Equity Committee), and (v) any attorneys, financial advisors, investment bankers, accountants, consultants, or other professionals of the parties described in clauses (i) through (iv) hereof (collectively, the "<u>Released Parties</u>", but provided, however, that such Released Parties shall only include those that provided services related to the Debtor, the Bankruptcy Case, the Plan, or the transactions contemplated by this Plan) shall neither have nor incur any liability to, or be subject to any right of action by, any Holder of a Claim or Interest, or any other party in interest, or any of their respective employees, representatives, financial advisors, attorneys, or agents acting in such capacity, or affiliates, or any of their successors or assigns, for any act or omission in connection with, relating to, or arising out of, the Bankruptcy Case, formulating, negotiating or implementing this Plan, the solicitation of acceptances of this Plan, the pursuit of approval of the Disclosure Statement and confirmation of this Plan, the confirmation of this Plan, the Plan Documents, the consummation of this Plan or the administration of this Plan or the property to be distributed under this Plan; provided, however, that the foregoing provision shall not apply to an act or omission that is determined by a Final Order of the Bankruptcy Court to have constituted willful misconduct or gross negligence.  Any of the Released Parties shall be entitled to rely, in all respects, upon the advice of counsel with respect to their duties and responsibilities under the Plan.

25.  Injunction Related to Exculpation and Releases.  All Persons that have held, hold or may hold any liabilities released or exculpated pursuant to Section 9.2 of the Plan will be permanently enjoined from taking any of the following actions against any Released Party or its property on account of such released liabilities:  (i) commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind; (ii) enforcing, levying, attaching, collecting or otherwise recovering by any manner or means, directly or indirectly, any judgment, award, decree or order; (iii) creating, perfecting or otherwise enforcing in any manner, directly or indirectly, any lien; (iv) except as provided herein, asserting any setoff, right of subrogation or recoupment of any kind, directly or indirectly, against any obligation due a Released Party; and (v) commencing or continuing any action, in any manner, in any place that does not comply with or is inconsistent with the provisions of the Plan or this Confirmation Order.

26.  Survival of Indemnification Obligations.  Except as set forth in the Plan or in this Confirmation Order, the obligations of the Debtor to indemnify any past and present directors, officers, agents, employees and representatives, pursuant to certificates or articles of incorporation, by-laws, contracts and/or applicable statutes, in respect of all actions, suits and proceedings against any of such officers, directors, agents, employees, and representatives, shall not be discharged or Impaired by, and shall survive, confirmation or consummation of the Plan to the extent, and only to the extent, that such parties filed valid proofs of claim with regard to such indemnity obligations.

27.  Termination of Claims and Interests.  Except as otherwise provided in the Plan or this Confirmation Order, all consideration distributed under the Plan shall be in exchange for, and in complete satisfaction, settlement and release of, all Claims and Interests of any nature

whatsoever against the Debtor or its Estate, assets, properties or interest in property, and regardless of whether any property shall have been distributed or retained pursuant to the Plan on account of such Claims and Interests.

28.    _Injunction_.  Except as otherwise provided in the Plan or this Confirmation Order, from and after the Effective Date all Persons who have held, hold or may hold Claims against or Interests in the Debtor, are (i) permanently enjoined from taking any of the following actions against the Estate, or any of its property, on account of any such Claims or Interests and (ii) permanently enjoined from taking any of the following actions against any of the Debtor, the Post-Effective Date Debtor, the Plan Administrator or their property on account of such Claims or Interests:  (A) commencing or continuing, in any manner or in any place, any action, or other proceeding; (B) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order; (C) creating, perfecting or enforcing any lien or encumbrance; (D) asserting any right of setoff, subrogation or recoupment of any kind and (E) commencing or continuing, in any manner or in any place, any action that does not comply with or is inconsistent with the provisions of the Plan; _provided,_ _however,_ that nothing contained herein shall preclude such persons from exercising their rights pursuant to and consistent with the terms of the Plan and this Confirmation Order.  By accepting distributions pursuant to the Plan, each Holder of an Allowed Claim will be deemed to have specifically consented to the injunctions set forth in Section 9.7 of the Plan.

29.    _Term of Bankruptcy Injunction or Stays_.  All injunctions or stays provided for in the Bankruptcy Cases under Section 105 or 362 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until the Effective Date.

30. <u>Claims Agent.</u> Unless KCC has been previously relieved of its duties by written notice of the Debtor prior thereto, the request for the Final Decree shall provide that KCC, in its capacity as claims, noticing and balloting agent shall be relieved of such duties on the date of the entry of the Final Decree.

31. <u>MEIP</u>. The MiddleBrook Employee Incentive Plan and the payments thereunder, as contemplated by Section 10.15 of the Plan and determined in accordance with the provisions of the MEIP, are hereby approved.

32. <u>Exemption from Certain Taxes</u>. Pursuant to Section 1146(a) of the Bankruptcy Code, (a) the issuance, transfer or exchange of debt, notes or equity securities or other interest under or in connection with or in contemplation of the Plan; (b) the creation, modification, consolidation, or recording of any mortgage, deed of trust, lien, pledge or other security interest, or the securing of additional indebtedness by such other means under or in connection with the Plan; (c) the making or assignment of any lease or sublease under or in connection with the Plan; or (d) the making or delivery of any deed or other instrument of transfer under or in connection with the Plan including, without limitation, merger agreements, agreements of consolidation, restructuring, disposition, liquidation or dissolution, deeds, bills of sale, and transfers of tangible property, will not be subject to any stamp tax, document recording tax, conveyance fee, intangibles or similar tax, mortgage tax, real estate transfer tax, mortgage recording tax, Uniform Commercial Code filing or recording fee, FERC filing or recording fee, or other similar tax or governmental assessment, and the appropriate state or local governmental officials or agents shall forego the collection of any such tax or governmental assessment and to accept for filing and recordation any of the foregoing instruments or other documents without the payment of any such tax or governmental assessment. The Debtor is hereby authorized to deliver a notice or

short form of this Confirmation Order to any state recording officer to the effect that such officer must accept for filing such security interests without charging any stamp tax or other similar tax.

33. <u>Creditors' Committee and Equity Committee</u>.  On the Effective Date, the Creditors' Committee and the Equity Committee shall be dissolved and their members shall be deemed released of any continuing duties, responsibilities and obligations in connection with this Bankruptcy Case or the Plan and its implementation, and the retention and employment of the Creditors' Committee's and Equity Committee's attorneys, accountants and other agents shall terminate, <u>except</u> with respect to:  (i) the Final Fee Hearing; or (ii) any appeals of the Confirmation Order through the date such appeals are finally decided, settled, withdrawn or otherwise resolved.

34. <u>No Discharge</u>.  Notwithstanding any provision of the Plan to the contrary, the Debtor is not entitled to, and shall not receive, a discharge pursuant to Section 1141(d)(3) of the Bankruptcy Code.

35. <u>Bar Date for Administrative Expense Claims</u>.  Except as may otherwise be provided by separate order of the Bankruptcy Court, and other than professional fee claims, any Holder of an Administrative Expense that has not been paid, released, or otherwise settled prior to the Effective Date, must file any request for payment of the Administrative Expense on or before the date that is thirty (30) days after the Effective Date.  Any request for payment of an Administrative Expense that is not timely filed as set forth herein will be forever barred and Disallowed by operation of confirmation of the Plan and this Confirmation Order and without the need for any party to file any objection or other pleading, and Holders of such Administrative Expenses shall be prohibited from asserting such Administrative Expenses in any manner against the Debtor, the Post-Effective Date Debtor or the Plan Administrator.

36.     <u>Professional Fee Claim Bar Date.</u>  Any and all applications for the final allowance of Professional Fee Claims shall be Filed and served upon counsel to the Debtor, counsel to the Creditors' Committee, counsel to the Equity Committee, the United States Trustee, and all parties entitled to notice pursuant to Bankruptcy Rule 2002 within forty-five (45) days of the Effective Date.

37.     <u>References to Provisions of the Plan.</u>  The failure to specifically include or reference any particular provision of the Plan, including any provision in a document in the Plan Supplement, in this Confirmation Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Plan be confirmed in its entirety and such provisions shall have the same binding effect, enforceability or legality as every other provision of the Plan.  Each term and provision of the Plan, as it may have been altered or interpreted by this Court, is valid and enforceable pursuant to its terms.

38.     <u>Substantial Consummation.</u>  The substantial consummation of the Plan, within the meaning of Section 1101(2) of the Bankruptcy Code, shall be deemed to occur on or as of the Effective Date.

39.     <u>Notice of Entry of Confirmation Order.</u>  Pursuant to Bankruptcy Rules 2002(f)(7)and 3020(c), promptly after entry of this Confirmation Order, the Debtor shall cause a notice of the entry of this Confirmation Order to be served on all parties on whom the Notice of Disclosure Statement and Confirmation Hearing was served.

40. <u>Reversal</u>. If any or all of the provisions of this Confirmation Order are hereafter reversed, modified, or vacated by subsequent order of this Court of any other court of competent jurisdiction, such reversal, modification, or vacatur shall not affect the validity of the acts or obligations incurred or undertaken under or in connection with the Plan prior to the Debtor's or other applicable persons' receipt of written notice of such order. Notwithstanding any such reversal, modification, or vacatur of this Confirmation Order, any such act or obligation incurred or undertaken pursuant to, and in reliance on, this Confirmation Order prior to the Effective Date of such reversal, modification, or vacatur shall be governed in all respects by the provisions of this Confirmation Order or any amendments or modifications thereto.

41. <u>Confirmation Order Controlling</u>. If there is any inconsistency between the provisions of the Plan and this Confirmation Order, the terms and conditions contained in this Confirmation Order shall govern. However, any inconsistencies shall be interpreted so as to further the goals of and to facilitate the finalization, effectuation and implementation of the Plan.

42. <u>Applicable Non-Bankruptcy Law</u>. Pursuant to Section 1123(a) and 1142(a) of the Bankruptcy Code, the provisions of this Confirmation Order and the Plan shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law.

43. <u>Retention of Jurisdiction</u>. Pursuant to Sections 105(a) and 1142 of the Bankruptcy Code, and notwithstanding the entry of this Confirmation Order or the occurrence of the Effective Date, this Court, except as otherwise provided in the Plan or herein, shall retain exclusive jurisdiction over all matters arising in, arising out of, and related to, the Bankruptcy Cases and the Plan including, but not limited to, those matters set forth in Article X of the Plan.

44. <u>Final Order, Effective Date</u>. This Confirmation Order is a final order and the period in which an appeal must be filed shall commence upon the entry hereof. Notwithstanding

Bankruptcy Rules 7062 or 3020(e), this Confirmation Order shall be effective and enforceable immediately upon its entry.

Dated: Wilmington, Delaware
December 30, 2010

HONORABLE MARY F. WALRATH
UNITED STATES BANKRUPTCY JUDGE